UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANDRE CALIX,

                Plaintiff,

        -against-

FEDERAL BUREAU OF PRISONS;
WARDEN HERMAN QUAY, JOHN DOES &
JANE ROES 1-20,

                Defendants.
---------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-3980 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Andre Calix, currently incarcerated at the Metropolitan Detention Center ("MDC") and proceeding *pro se*, filed a complaint against the Federal Bureau of Prisons, the Warden of MDC, and John Doe and Jane Roe Correction Officers ("Defendants"), alleging that Defendants violated his constitutional rights by failing to protect him from harm. The Court construes Plaintiff's claims against the federal Defendants as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (recognizing a cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights). For the reasons below, Plaintiff's claims against the Federal Bureau of Prisons ("BOP") and Warden Herman Quay are dismissed. Plaintiff's claim against the John Doe and Jane Roe Correction Officers will proceed once these parties are identified.

1

## BACKGROUND

Plaintiff alleges that on May 22, 2018, while incarcerated at the MDC, he was assaulted by an unidentified fellow inmate. (Compl., Dkt. 1, at 2)[1]. Plaintiff asserts that the inmate threw a bowl of hot water at Plaintiff, who sustained serious injuries to his neck, chest, and back. (*Id.*) Plaintiff alleges that he suffered second degree burns to 20% of his body, and was hospitalized in an intensive care burn unit for two weeks. (*Id.*) Plaintiff claims that the staff at the MDC was aware that the inmate who attacked him had attacked another inmate at the mental hospital at the Fort Devins prison facility. (*Id.*) Plaintiff asserts that he faced a substantial risk to his health and safety when he was placed in a two-man cell with the abusive inmate. (*Id.* at 3.) Plaintiff alleges that on May 21, 2018, the day prior to the alleged attack, MDC Correction Officers removed the unidentified inmate and sent him to the Special Housing Unit but returned him to the general population 20-30 minutes later. (*Id.*) Plaintiff alleges that he faced physical, mental, emotional, and psychological injuries, and seeks monetary damages. (*Id.* at 3-4.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's

---

[1] The Court refers to the page numbers assigned by the Court's CM/ECF system and not the document's internal pagination.

*pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

The Eighth Amendment, which prohibits cruel and unusual punishment, requires prison officials to "take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citation omitted). Specifically, "[p]rison officials have a duty to protect prisoners from violence at the hands of other inmates since being violently assaulted in prison is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Lee v. Artuz,* No. 96-CV-8604, 2000 WL 231083, at *4 (S.D.N.Y. Feb. 29, 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. Instead, "the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Hayes,* 84 F.3d at 620.

3

The required showing for a claim of deliberate indifference has both objective and subjective elements. *See Johnson v. Wright,* 412 F.3d 398, 403 (2d Cir. 2005). To meet the objective part of the inquiry, a "plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm." *Hayes,* 84 F.3d at 620. Meanwhile, the subjective test requires a plaintiff to demonstrate that "the prison official involved must have acted with a 'sufficiently culpable state of mind.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Farmer,* 511 U.S. at 834). Here, the complaint alleges facts plausibly suggesting that the May 22, 2018 attack on Plaintiff by a fellow inmate may rise to the level of an Eighth Amendment violation. Therefore, Plaintiff's allegations against the John Doe and Jane Roe Correction Officers survive *sua sponte* review. However, for the reasons noted below, Plaintiff's claims against the BOP and Warden Quay are dismissed.

**A. The BOP**

As a federal agency, the BOP is generally immune from suit under the doctrine of sovereign immunity. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994). Absent a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994). It is the plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver the Court lacks jurisdiction. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff has failed to show that the BOP has waived its sovereign immunity, and thus this Court has no jurisdiction to address any constitutional tort claims against the BOP. Accordingly, Plaintiff's claims against the BOP are dismissed. 28 U.S.C. § 1915A.

4

### B. Warden Herman Quay

Alleged constitutional violations must be brought against federal officers in their individual capacities. *Robinson,* 21 F.3d at 510. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not assert in his complaint any direct involvement by Warden Quay in the wrongful conduct alleged. There is no mention of Warden Quay other than in the caption of the complaint. Accordingly, Plaintiff's claim against Warden Quay is dismissed. 28 U.S.C. § 1915A.

## CONCLUSION

For the foregoing reasons, the Court directs that Plaintiff's claims against the BOP and Warden Herman Quay are dismissed. *See* 28 U.S.C.§ 1915A(b). No summons shall issue as to these Defendants.

The Court requests that, in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the United States Attorney for the Eastern District of New York ascertain the full name of the Correction Officers who on May 21, 2018, in the I-Gl housing unit at the Metropolitan Detention Center, brought the John Doe inmate who attacked Plaintiff to the Special Housing Unit and then returned the same inmate to the general population. The Court also requests that the United States Attorney's Office provide the address where these individuals can currently be served; the government need not undertake to defend or indemnify these individuals at this juncture.

The Court further requests that the United States Attorney's Office produce the information specified above regarding the identity of the John Doe and Jane Roe Correction Officers and the

5

addresses where they can be served to the Court within forty-five (45) days from the date of this Order; once they have been identified, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as Defendants, summonses shall issue, and the Court shall direct service on these Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       July 20, 2018